Exhibit "C"
Transcript of Judge Gaul hearing
3/3/2015

```
 1  THE STATE OF OHIO, )
 2                     )  SS:    DANIEL GAUL, J.
 3  COUNTY OF CUYAHOGA.)
 4            IN THE COURT OF COMMON PLEAS
 5                 CIVIL DIVISION
 6  WILFRED L. ANDERSON          )
                                 )
 7                 Plaintiff,    )
                                 )
 8       -v-                     ) Case Nos. CV-820186,
                                 ) CV-820051
 9  LUANN MITCHELL and           )
    MITCHELL BARNEY, DDS,        )
10                               )
                   Defendants. )
11                       - - - -
12            TRANSCRIPT OF PROCEEDINGS
                         - - - -
13     Whereupon, commencing on Monday, March 2nd, 2015
    this cause came on to be heard before the Honorable
14  Daniel Gaul, in Courtroom No. 19-D, Courts Tower,
    Justice Center, Cleveland, Ohio, upon the pleadings
15  filed heretofore.
                         - - - -
16  APPEARANCES:
          WILFRED L. ANDERSON, Pro se,
17
18                on behalf of the Plaintiff;
19
          LUANN MITCHELL, Pro se,
20
                  on behalf of the Defendant.
21
22        MITCHELL BARNEY, DDS, Pro se,
23                on behalf of the Defendant.
24  Ilene White, RMR-CRR
    Official Court Reporter
25  Cuyahoga County, Ohio
```

1    <u>MONDAY AFTERNOON SESSION, MARCH 2ND, 2015</u>

2              THE COURT:          This is Case

3    Number 820186.  The first case is captioned

4    Wilfred L. Anderson versus Mitchell Barney,

5    DDS.

6              The second case is captioned Wilfred

7    L. Anderson versus Luann Mitchell.

8              All three parties are present in the

9    courtroom.  This case is set for trial.

10             All three individuals are

11   representing themselves pro se.

12             Court's had an hour-and-20-minute

13   conversation with the parties in an attempt to

14   get a resolution on this and other cases that

15   these three individuals have been involved in

16   for many years now.

17             And I believe we have the basis of a

18   settlement that I want to place upon the

19   record.

20             First of all, the parties agree to

21   dismiss their claims and counterclaims in this

22   case at this time.

23             The parties are going to agree to the

24   following:  Number one, that they will not

25   harass, intimidate, or contact the other side,

1    that none of the three individuals -- and we

2    should indicate that the Plaintiff and

3    Defendants agree that they shall not contact,

4    demean, diminish, harass, intimidate, contact

5    -- means contact personally, telephonically,

6    electronically or through persons.

7            They will no longer issue statements

8    about the other individuals.  They will issue

9    no defamatory comments, no slanderous

10   comments.

11           They will no longer file lawsuits,

12   file civil stalking protection orders, or sign

13   affidavits about either side in this case

14   without the prior approval of this Court.

15           Now, there have been numerous

16   lawsuits, civil -- semi criminal actions,

17   civil stalking protection orders filed by the

18   parties herein.

19           And it's reached a point where if

20   there's another filing, the Court -- the first

21   thing the Court's going to do is look into the

22   issue of whether either side is a vexatious

23   litigator, but we won't have to worry about

24   that, because neither side of this lawsuit, in

25   these two cases, will file a lawsuit or civil

1  stalking and protection order in a

2  non-emergency situation without the prior

3  approval of this Court.

4  The issues that have been raised in

5  this lawsuit, and in former lawsuits are

6  forever extinguished without either side

7  paying any damages.

8  Neither side will have any right to

9  bring a further action on any tortious conduct

10  that occurred prior to March 2nd of 2015.

11  So this essentially is an agreed

12  journal entry that vests jurisdiction upon

13  this Court.

14  This Court will have the right to

15  invoke the civil and criminal contempt power

16  if there is a violation.

17  A violation of this order should be

18  brought to the Court's attention in writing,

19  filed with the clerk, service to the other

20  side, service to the Court, at which time an

21  immediate hearing will be scheduled.

22  So there shall be no communication,

23  no discussion to third parties, no further

24  litigation, no further complaints.

25  Now, obviously, if there's an

emergent situation where a person's life is
threatened, they have a right to call the
police immediately.

But if that occurs, that also will be
a violation of this agreed judgment entry
because we are agreeing that there's no
contact.

Any physical contact within 500 feet
will -- will be brought to the Court's
attention, and the Court may find the contact
objectionable.

Obviously, I'm going to ask you to
please be responsible.  If you happen to bump
into one another at a church or a ball game,
let's not use that as a basis for a motion to
show cause.

But, on the other hand, if there's
another civil stalking protection order that's
filed without the approval of the Court, if
there's another lawsuit, if there are more
letters and affidavits, letters to IRS, that
will immediately be brought to this Court's
attention.  This Court will conduct a hearing,
and chips will fall where they may.

There are no damages that are owing

1    for any behavior prior to March 2nd of 2015.

2            And I cannot think offhand of any

3    issues that we need to add to this entry at

4    this time.

5            Yes, Dr. Mitchell Barney.

6            DR. BARNEY:        Does that

7    include corporations?

8            THE COURT:        Right.  I want

9    to add that.  Thank you very much for

10   reminding me of that.

11           The Plaintiff in this case will see

12   to it that Dr. Mitchell Barney's address is no

13   longer used in any of your corporate affairs.

14   You're to cease doing business together.

15           You will not be officers of the same

16   corporation.  You will not be shareholders of

17   the same corporation.

18           You will have no business

19   involvement, whatsoever, and you shall not use

20   each other's address, identity, tax identity

21   to any governmental agency.

22           Any violation of that going forward

23   is going to be dealt with harshly.  I'm going

24   to give Mr. Anderson 90 days to straighten it

25   out with the Secretary of State so that

1    Dr. Mitchell Barney's address is no longer

2    being utilized by the government agencies.

3    And I anticipate that some letters will again

4    come.

5         Do you know who you need to change

6    the address with, Mr. Anderson?

7         MR. ANDERSON:      As far as I

8    know, your Honor, he has already changed it.

9         THE COURT:      All right.

10        MR. ANDERSON:      As --

11        THE COURT:      If it's a

12   problem going forward, Doctor, and is on --

13   Dr. Mitchell --

14        DR. BARNEY:      Excuse me, your

15   Honor.  He lied about that, because only he

16   can change that.  I have not attempted to

17   change because I'm not an officer of his

18   corporation, or anything like that.

19        THE COURT:      Okay.

20        DR. BARNEY:      And --

21        THE COURT:      Mr. Anderson --

22   hang on.

23        What corporation are we talking

24   about?

25        DR. BARNEY:      There's two,

```
1        your Honor.  Anderson Systems, and the other
2        is Vaginice, Incorporated.
3                    THE COURT:        Are you
4        familiar, Mr. Anderson, with those
5        corporations?
6                    MR. ANDERSON:      I am.
7                    THE COURT:         You will take
8        steps to see to it that Dr. Mitchell Barney is
9        not affiliated in any way as shareholder,
10       officer or officer of the corporation and of
11       any corporation.  And I'll give you 90 days to
12       comply with it.
13                   That is long overdue, sir, long
14       overdue.
15                   Anything else?
16                   Yes, ma'am.
17                   MS. MITCHELL:      Just so I
18       understand, you're saying that in terms of the
19       lawsuits that are pending, there are responses
20       that I have out there that are pending?
21                   THE COURT:         They shall be
22       dismissed.
23                   DR. BARNEY:        One other thing,
24       your Honor.  He also has his son's name
25       underneath my address that he needs to remove,
```

```
1    also.
2              THE COURT:         Attorney Luann
3    Mitchell, what cases are pending?
4              MS. MITCHELL:      Judge, I have an
5    issue with one of them, but, anyway, you said
6    that just so I'm writing notes.  You said the
7    civil stalking protection issue.  So we
8    will --
9              THE COURT:         Withdraw it.
10             MS. MITCHELL:      That will not be
11   necessary.
12             THE COURT:         I would suggest
13   you withdraw.
14             MS. MITCHELL:      You're saying,
15   so I need to understand.  You're taking
16   control of that situation with him pursuing
17   me?
18             THE COURT:         That's correct.
19             MS. MITCHELL:      Okay.
20             THE COURT:         And if there's
21   any probable cause, whatsoever, that he's in
22   violation of this order of this Court that's
23   been placed upon the record, there will also
24   be -- we were -- we will memorialize this in a
25   judgment entry, also.
```

1       If there's any suggestion that he's

2   called you, contacted you, sued you, grieved

3   against you, whatever, he's going to wind up

4   back in this talking to me about it, because

5   it's a violation of our agreed judgment entry.

6       MS. MITCHELL:      Then I will

7   address that issue concerning the civil

8   protection stalking.

9       THE COURT:      And you can tell

10  them that we had an hour-and-a-half hearing

11  here today, that we've issued essentially the

12  same anti-stalking order through this Court.

13  And that the Court maintains continuing

14  jurisdiction for the next five years, and that

15  you think that -- I hope you think that that

16  is the most efficient way of dealing with

17  these issues.

18      Mr. Anderson.

19      MR. ANDERSON:      I have a

20  problem.

21      THE COURT:      What's the

22  problem?  And let's hear about your problem,

23  first.

24      MR. ANDERSON:      As I understand

25  the stalking, the civil protection order --

1     THE COURT:    Right.

2     MR. ANDERSON:   -- there was a

3 unilateral hearing, and an order was issued

4 against me that's good until the day after

5 tomorrow, at which time I get an opportunity

6 to question it.

7     THE COURT:    Right.  And let

8 me explain what's going to happen.

9     That order will expire.

10     MR. ANDERSON:   I understand.

11 It will expire in two days.

12     Now, she has made false statements

13 about me.

14     THE COURT:    Uh-huh.

15     MR. ANDERSON:   She says she

16 needs to be protected from me.  She hasn't

17 seen me or heard from me in any --

18     THE COURT:    She is

19 withdrawing that request for civil stalking

20 protection order.

21     MR. ANDERSON:   It expires, but

22 the purpose -- the purpose of the second

23 hearing was for me to share my side.

24     What you're doing now is leaving her

25 side memorialized, without -- without --

1                  THE COURT:          But hang on a

2    second and let me just explain to you.

3                  MR. ANDERSON:      Okay.

4                  THE COURT:        There was an ex

5    parte, one side issued an order -- order

6    issued, okay?  Nothing I do, nothing that's

7    done in Cleveland Heights tomorrow, the next

8    day or --

9                  MR. ANDERSON:      It's here.

10                THE COURT:        Civil stalking

11    protection order.  Here tomorrow, with what

12    Judge?

13                MR. ANDERSON:      Gallagher.

14                THE COURT:        Nothing that

15    Judge Gallagher does tomorrow is going to go

16    back and undue the ex parte order.

17          The ex parte order was granted.  It's

18    there.  If there's a reference to it, there's

19    always going to be a reference to it.

20          We're not here to figure out who shot

21    John, as my father would say.

22          It's he said, she said.  I'm not

23    interested any more.  I've had a fill of it.

24    The community's had a fill of it.

25          This is a waste of resource of the

13

```
1        government, okay?
2                I'm not interested in your hurt
3        feelings at this point.  We're trying to
4        resolve this litigation.
5                MR. ANDERSON:        Not just my hurt
6        feelings.  The record will show that there was
7        an order, and it was not retracted.  It was --
8        it expired.
9                In a second hearing, that hearing --
10               THE COURT:        You are
11       repeating yourself.
12               MR. ANDERSON:        All right.
13               THE COURT:        And what I'm
14       telling you is even if you were successful at
15       a second hearing, the first order is issued,
16       and that's it.  It's in effect, it can't
17       unring a bell.
18               MR. ANDERSON:        But they say
19       that we're not proceeding to the second phase.
20               THE COURT:        But I think by
21       her withdrawing her request she's saying just
22       that.  The issues are not proven, they're not
23       established.
24               They're mere allegations, and they
25       were dismissed, just like this lawsuit.
```

1           MR. ANDERSON:      I'll let it go.

2           THE COURT:      Thank you.

3           MS. MITCHELL:      Okay, and then

4  the second one that I have is I have the -- he

5  sued me.

6           And the caption on the case is

7  Wilfred Anderson versus the CMHA, and Luann

8  Mitchell.

9           And in that lawsuit Mr. Anderson said

10  that I contacted CMHA and told them that he

11  was selling or practicing medicine out of his

12  apartment.

13           Now, just for the record, Judge, I

14  didn't do that.

15           THE COURT:      Is the suit

16  pending in this courthouse?

17           MS. MITCHELL      yes.

18           MR. ANDERSON:      It's stayed

19  because of her bankruptcy.

20           MS. MITCHELL:      No, it's not.

21           THE COURT:      Mr. Anderson,

22  guess what we're going to do, too.  We're

23  going to have that case dismissed, too.

24  That's water --

25           MR. ANDERSON:      I've already

1   agreed to that.
2                   MS. MITCHELL        what's going on
3   is I filed an answer and a counterclaim.
4                   THE COURT:          He's going to
5   dismiss it.  Are you going to dismiss your
6   counterclaim?
7                   MS. MITCHELL:       That's where we
8   are now.  The Court agreed to hear the -- they
9   stayed his part, his complaint against me,
10  because of the bankruptcy, but they agreed to
11  move forward on the answer in the
12  counterclaim.
13                  THE COURT:          I think what
14  we're agreed to do here today is dismiss that
15  lawsuit.  And both sides will dismiss --
16                  MS. MITCHELL:       And that's where
17  we are.
18                  THE COURT:          -- their
19  respective claims.
20                  And in that lawsuit, it was a request
21  to have him declared a vexatious litigator, as
22  well.
23                  And what we'll do is this, and what
24  I've said is this.  If there's any violation
25  on either side of this order, the first thing

1    I'm going to look into is what's the

2    violation?

3              If a person files another lawsuit,

4    we'll look into the vexatious statute.  We're

5    trying to terminate litigation here, so I'm

6    glad you brought that to my attention.

7              Are there any other issues that we

8    need to deal with?

9              MS. MITCHELL:      And then the

10   third issue was, as I indicated to you before,

11   I was only in bankruptcy for just a couple of

12   months.  It was in and out.

13             And I did receive my relief from the

14   State.  That was back in 2013; however,

15   because Mr. Anderson continued to sue me, sue

16   me, sue me, and he wants to say three

17   lawsuits, that's patently not true, there have

18   been a bevy of more than three.

19             I did file a complaint for violation

20   of the automatic stay because Mr. Anderson

21   caused -- Mr. Anderson, I don't talk when

22   you're talking.  Please don't do that to me.

23             MR. ANDERSON:      I don't tell

24   tales.

25             THE COURT:      I'd like to

1    terminate.  All of this is really sort of

2    moot, because, presumably, all litigation by

3    either side against the other shall terminate.

4    You shall cause it to be dismissed, and any

5    right, title or cause of action, claim or

6    counterclaim that you have against the other

7    side, pursuant to this settlement agreement,

8    is forever diminished.

9         And the Court has continuing

10   jurisdiction.  If there is a violation, you

11   won't have to worry about years and years and

12   years of litigation.  Someone's going to be

13   going to jail if there's a violation, and the

14   Court feels that's an appropriate sanction.

15        MR. ANDERSON:        Does that

16   include in the federal bankruptcy Court in

17   which she's filed a case against me?

18        THE COURT:          Any cause of

19   action, any claim, any counterclaim shall be

20   dismissed against you.

21        There's no reason for these parties

22   to maintain any action against each other

23   because you have no right, title, or cause of

24   action to have anything occurring prior to the

25   signing of the settlement agreement here.

```
 1            We just wrap it up, and we put it in
 2        a nice bow, and we put this package on a high
 3        shelf.
 4              MR. ANDERSON:        I agree.
 5              MS. MITCHELL:         I have one
 6        question.  In terms of me -- and I agree with
 7        your principle, Judge.
 8              And I certainly appreciate you coming
 9        in interceding.  It's been a long time.
10              However, I do need to confer with
11        someone about the Federal Court issue.
12              THE COURT:        What is that?
13              MS. MITCHELL:        That's the one
14        where there was a complaint for violation of
15        the automatic stay.
16              THE COURT:        For the filing
17        of this lawsuit?
18              MS. MITCHELL:        No, it's not
19        just for this.  It's for all the ones he's
20        been filing.  It's not just for this one.
21              THE COURT:        Okay.  Did you
22        list those cases in your bankruptcy petition?
23              MS. MITCHELL:        Some of them
24        were not filed.  Some were.
25              THE COURT:        You're entitled
```

```
1     to a stay for any debts or any actions or
2     rights that people are perfecting against you
3     if you list them.  If you do not list them,
4     then, arguably, the case isn't stayed.
5             What I'm saying to you is, you
6     explained to me in one instance you didn't
7     stay this case because you decided not to.
8     Okay, fine.  If there's another case where you
9     did and he violated it, well, okay, we don't
10    care, because at this point forward, we're
11    going forward.  I'm not looking back.
12            MS. MITCHELL:      Okay.  So then
13    you're asking me was it other cases besides
14    this, and the answer is yes.
15            THE COURT:      Okay.
16            MS. MITCHELL:      And that is --
17    bankruptcy is federal law.  Obviously this is
18    state court.  And as I indicated to this
19    Court, before I can agree to not move forward
20    on the federal case, I need to double check
21    something.
22            THE COURT:      Wait a second.
23            MR. ANDERSON:      I can solve
24    this.
25            THE COURT:      Go ahead.
```

1          If you can solve it, solve it.

2          MR. ANDERSON:     I can at least

3   mediate.  She's talking about an adversarial

4   case against me in the federal bankruptcy

5   court.

6          I don't mind letting that go forward.

7   I would appreciate it if, in our mobile mode

8   of reconciliation, you leave that, because I

9   look forward to challenging lies she claims.

10         THE COURT:       Hang on a

11  second.  Mr. Anderson, you're going right back

12  to square one with this thing.  Hang on a

13  second.

14         I'm going to tell you something right

15  now, Luann Mitchell.  You're either going to

16  agree to drop anything, federal or state, or

17  I'll just leave this thing percolate, and you

18  can do this for the next 10 years, okay?

19         If he violated a bankruptcy stay for

20  a case that's no longer being litigated, I

21  think the issue is moot in the bankruptcy

22  court.

23         They're not going to sanction

24  somebody that they can't get any damages for

25  in any case.  It's ridiculous.

```
1           If the claim is dismissed, the claim
2    is dismissed.  Your claim against him will be
3    dismissed.  That's just the way it's going to
4    be.
5           And for that to prevent us reaching
6    the goal of a resolution is just penny-wise
7    and thought foolish.
8           I think I've placed upon the record
9    the essential nature of what we've agreed to.
10           I'm going to ask my staff attorney to
11    draw up some kind of a mutually agreed -- a
12    mutual entry, and agreed journal entry that
13    all of the parties will sign, and that the
14    Court will docket, okay?
15           Now, if there's any potential
16    violation, how are they dealt with?
17           MS. MITCHELL:        Any emergent
18    situations that involve great bodily harm
19    should obviously be subject to a police
20    response.
21           Hopefully, that's not going to
22    happen.  Hopefully everybody's going to act in
23    a reasonable fashion under the law.
24           In the event that there is some
25    continuing harassment, or stalking, or phone
```

1    calls or contact or litigation, or civil

2    stalking, protection orders, or any perfection

3    of rights by one side against the other to

4    this litigation, without the prior approval of

5    the Court, the offended party shall

6    immediately file a motion to show cause.

7           You may file it pro se, walk a copy

8    through.  I will schedule a hearing

9    immediately.

10          And, as I say, the Court's

11   maintaining civil and criminal contempt.

12          So, hopefully, the reasonable parties

13   here recognizing that there were irrevocable

14   issues, decided to do the responsible thing

15   and to end this with this agreement going

16   forward.

17          So I hope this provides all of you

18   with some closure.

19          Zak Walker, my staff attorney, will

20   be working with you to come up with the

21   wording.

22          Hopefully it can be done today.  I

23   don't know.  The hour's quite late.  It might

24   be necessary for you to submit proposed

25   language to me today, at which I may add or

```
1    detract from and have you all come back to

2    court tomorrow, sometime this week and sign.

3              But it's going to be necessary for

4    all of you to sign on the dotted line so that

5    you may understand that we're going to keep a

6    close eye on this.

7              DR. BARNEY:        Your Honor --

8              THE COURT:         Yes, sir.

9              DR. BARNEY:          -- I have some

10   business I have out of town as of tomorrow.   I

11   will be back Friday, so if I can't sign it

12   tomorrow, I can do it Friday.

13             THE COURT:         Here's what I

14   will do, then.

15             Zak, what's you're feeling on this?

16   Are we going to write it, or do you want a

17   proposal from them.

18             MR. WALKER:        I'm happy to

19   write it.  Perhaps we can just have it signed

20   on Friday.

21             MR. ANDERSON:      I have no input.

22             THE COURT:         Fine.  Are the

23   parties available to sign this document on

24   Friday.

25             DR. BARNEY:        I will.
```

1             MR. ANDERSON:      Can you make it

2   Monday?

3             THE COURT:      What is your

4   capability, Dr. Mitchell Barney?

5             DR. BARNEY:      I will be

6   working Monday.  I have a seminar downtown,

7   and I will be able to come downtown and sign

8   it when it's ready, but Monday is out of the

9   question, because I had already -- he's

10   retired.

11             THE COURT:      What I'm going

12   to do, I'm going to have my staff attorney

13   sort of work on this document.  He will work

14   on it in conjunction with myself this week.

15   We will draw up this journal entry, and my

16   staff attorney will contact the respective

17   parties to schedule a time to come to the

18   courthouse to execute a document.

19        In the meantime, however, the Court

20   is, by virtue of this hearing and this

21   transcript, ordering this agreed journal entry

22   into place.

23        And all of you are sitting before me.

24   We've discussed this now for nearly two hours.

25   About an hour and 40 minutes, so all of you

1    have been made aware.

2              You have actual and constructive

3    knowledge of what is in this order.  And I

4    expect it to be maintained very aggressively.

5              I know that this won't take away all

6    of the hurt and frustration and anxiety and

7    stress mentioned, but I do hope it provides

8    some degree of closure.

9              Mr. Anderson, would you like to say

10   anything in conclusion?

11             MR. ANDERSON:        I have a

12   question.

13             THE COURT:        And I'll give

14   everybody an opportunity to be heard and

15   answer final questions.

16             MR. ANDERSON:        One of the suits

17   involve CMHA and Luann Mitchell, and she was

18   stayed because of the bankruptcy.  This

19   doesn't affect my suit against CMHA, does it?

20             THE COURT:        Well, let me

21   stop you there for a second.  She must be

22   dismissed as a party to that lawsuit.

23             MR. ANDERSON:        No problem.

24             THE COURT:        Okay.  What is

25   your suit against CMHA?

1               MR. ANDERSON:     Someone made a

2    call to CMHA to say that I was practicing

3    medicine in an apartment without a license.

4    And they came to inspect the apartment.

5               THE COURT:     Okay.

6               MR. ANDERSON:     That was a

7    violation of privacy.

8               THE COURT:     Okay.  And you

9    moved out of that apartment?

10              MR. ANDERSON:     No.  Still

11    there.

12              THE COURT:     Okay.  So you're

13    suing CMHA over that?

14              MR. ANDERSON:     For an invasion

15    of privacy.  As a matter of fact, we settled

16    that, and parts of it is settled.  So

17    that's --

18              THE COURT:     Well, what I

19    recommend you do is that you settle the other

20    part.  Obviously, this individual, Luann

21    Mitchell, will be dismissed.

22              MR. ANDERSON:     She has already

23    been --

24              THE COURT:     And she will not

25    be called as a witness, and she will not be

1          deposed unless you obtain the prior approval

2          of this Court, because that is what you agreed

3          to, because you would be in violation of the

4          contact order if you contact her.

5                    MR. ANDERSON:        I have no

6          problem with that.  What we're doing is

7          sorting through the telephone records now.

8                         So if we show that the false police

9          report call came from a telephone that she

10         controls, then I'll come back to you and ask

11         if that's appropriate.  Is what you're telling

12         me to do?

13                   THE COURT:        Well, a couple

14         of things.

15                   MR. ANDERSON:        Okay.

16                   THE COURT:        First of all, I

17         would hope that you would terminate this

18         litigation against CMHA, because you've told

19         me it's virtually been resolved.

20                        Now, if you're continuing to litigate

21         over the issue of who tipped off CMHA police,

22         that would be --

23                   MS. MITCHELL:        To an anonymous

24         line.

25                   MR. ANDERSON:        That would be

1    her.

2              MS. MITCHELL:    And it's not me.

3              THE COURT:      Mr. Anderson, I

4    want you to be somewhat cooperative doctors in

5    this regard.

6              This woman has repeatedly denied, in,

7    my presence, that she made any phone calls to

8    CMHA about you practicing medicine.

9              MR. ANDERSON:    I understand.

10             THE COURT:      I'm going to

11   take her at her word.  And the basis of this

12   lawsuit is -- the basis of the settlement is

13   just that.

14             Now, if you find because you just are

15   like a dog with a bone, and you just can't

16   give up that CMHA lawsuit, that she is the

17   person that made the calls, then what would

18   you do?

19             MR. ANDERSON:    You told me I

20   can't sue her.

21             You told me I can't sue her.

22             THE COURT:      Unless,

23   unless --

24             MR. ANDERSON:    Unless I come to

25   you.

```
1          THE COURT:          Right.
2          MR. ANDERSON:          I have no
3    problem with that.  The question was now that
4    she is removed from that suit, your order
5    doesn't affect my relationship or interaction
6    with CMHA?
7          THE COURT:          No.  I presume
8    you can go after CMHA if you want.  However,
9    I'm just going to tell you.
10          You saw what happened to the other
11    guy who was all cut up with his ego at CMHA,
12    lost his job, lost his place.
13          I'm just saying, you're sort of
14    biting the hand that feeds you a little bit.
15          MR. ANDERSON:          I live there,
16    and I just want to make sure.
17          THE COURT:          But the attorney
18    has told me, she was not the origin, and I
19    take her at her word.
20          MR. ANDERSON:          She was
21    disbarred for lying to the Court.
22          MS. MITCHELL:          I wish he would
23    stop telling people I've been disbarred.  I'm
24    not going to let him deviate.
25          THE COURT:          Mr. Anderson,
```

1    are you ever going to stop?  Are you ever

2    going to stop?

3                MR. ANDERSON:        Today.  Today.

4                THE COURT:           For you, right

5    now, an hour and 50 minutes, into this

6    conversation, making those kinds of statements

7    after we have agreed to settle this is, to

8    me -- is just -- it's counterproductive.

9                MR. ANDERSON:        I understand,

10   your Honor.

11               THE COURT:           It's

12   counterproductive.

13               MR. ANDERSON:        But you told me

14   that you were taking her word for it without

15   any proof or evidence.

16               THE COURT:           What I'm saying

17   to you is, as you sit here right now, you do

18   not know who tipped off CMHA.  But you think

19   you know.  You think you know.

20               And maybe it was her, and maybe it

21   wasn't her.  And what I'm suggesting to you

22   is, if you find out that it was her, okay,

23   and, therefore, you say, Judge, I want to

24   maintain this action against her, here's the

25   proof, here's the probable cause, I will look

1   at it and weigh it, and I will determine if

2   this Court authorizes -- this is the best I

3   can do.

4            MR. ANDERSON:        Your Honor, I

5   understood that.  This was not a question

6   about that.  It had nothing to do with Luann

7   Mitchell.  The question was the other side.

8   That's all.

9            THE COURT:        But she shall

10  not be deposed.  You won't send her

11  interrogatories, you won't list her as a

12  witness.

13           MR. ANDERSON:        I have no

14  problem with that.

15           THE COURT:        If both sides

16  agree to what we've outlined here today,

17  there's no problem going forward.

18           MR. ANDERSON:        I have no

19  problem.  I just wanted to make sure it didn't

20  affect the other side.  That's all.

21           THE COURT:        How much of your

22  working time -- how much of your daily life

23  has been absorbed in all these lawsuits,

24  percentage of your time?

25           MR. ANDERSON:        Percentage?

| | |
|---|---|
| 1 | THE COURT:  Yeah. |
| 2 | MR. ANDERSON:  About one hour a |
| 3 | month. |
| 4 | THE COURT:  That's all? |
| 5 | MR. ANDERSON:  Your Honor, I |
| 6 | have -- to me, it's not a big -- it's not a |
| 7 | big waste of time.  It's very efficient.  Very |
| 8 | little. |
| 9 | THE COURT:  Good.  Then you |
| 10 | won't have much of a change in your daily |
| 11 | routine. |
| 12 | MR. ANDERSON:  None, |
| 13 | whatsoever. |
| 14 | THE COURT:  Okay.  Thanks |
| 15 | very much.  And I did want to give everybody |
| 16 | an opportunity. |
| 17 | Dr. Mitchell Barney, is that fair |
| 18 | enough? |
| 19 | DR. BARNEY:  It's fair |
| 20 | enough, as long as he leaves my name out of |
| 21 | this.  Whatever it's been -- whatever's been |
| 22 | approved by the Court, I'm happy with, but he |
| 23 | has to stop slandering my name. |
| 24 | MR. ANDERSON:  I have a |
| 25 | request. |

1　　　　　　　　THE COURT:　　　　　Luann Mitchell,

2　　　is this acceptable to you?

3　　　　　　　　MS. MITCHELL　　　　Yeah.  I just

4　　　really wanted to say one thing just for your

5　　　edification.

6　　　　　　　　Again, I thank you so much, first of

7　　　all, I really do.

8　　　　　　　　But in terms of the CMHA case,

9　　　there's also an affidavit in that case from a

10　　　lady who is, I believe, an officer, vice

11　　　president of a tenant's union that

12　　　specifically says that doctor -- I mean,

13　　　Wilfred Anderson approached her about

14　　　providing medical services, and there was some

15　　　contact concerning that she did.

16　　　　　　　　So, again, I just -- he's just

17　　　clever, so he twists the truth and bends it,

18　　　but if we can stick to what you have stated, I

19　　　think it's something that at least I can live

20　　　with, as long as he stays away, and you're

21　　　retaining jurisdiction.

22　　　　　　　　THE COURT:　　　　　Yes, we shall.

23　　　　　　　　MS. MITCHELL:　　　　And he's not

24　　　clever and can't figure out to a way to come

25　　　at me without coming to you first?

1    THE COURT:            No.

2    MR. ANDERSON:         The address

3    thing that Mitchell Barney's talking about, I

4    would appreciate it if he would send me copies

5    of whatever he gets.

6    DR. BARNEY:          No, that's for

7    you to resolve in 90 days.

8    MR. ANDERSON:         I don't even

9    know -- the problem is I don't know what --

10   THE COURT:           Let's look at

11   this very practically.  Dr. Mitchell Barney is

12   probably receiving something from the federal

13   government or from the State of Ohio, office

14   of Attorney General or from the Ohio

15   Department of Taxation.

16   DR. BARNEY:          I haven't

17   received that, your Honor.

18   THE COURT:           What are you

19   receiving at your home, junk mail?

20   DR. BARNEY:          Junk mail,

21   trying to get credit, something like that.  I

22   return it to the post office, wrong address,

23   return to sender.  The only thing I can do.

24   MR. ANDERSON:         I have no idea.

25   DR. BARNEY:          Credit cards,

1    credit cards he's been applying for.

2             MR. ANDERSON:        Is that me

3    personally?

4             THE COURT:        We've given

5    Mr. Anderson 90 days to change the shareholder

6    and statutory acts and so forth on the

7    corporations.

8             What I would suggest you do,

9    Dr. Mitchell Barney, if you receive anything

10   in the corporate name at that time your

11   address, you will take these letters.  You

12   will place them in a legal sized manila

13   envelope, or envelope that seals.

14            And you will mail them to whatever

15   address this individual gives you without any

16   notes, or any communication.

17            You will, therefore, put him on

18   notice that the address needs to be changed.

19            DR. BARNEY:        I attempted that

20   before, and he's ignored it.

21            THE COURT:        Well, he won't

22   ignore it now, because if it continues to

23   occur after 90 days, if you're still listed as

24   the statutory agent after 90 days, what are

25   you going to do?

1          DR. BARNEY:        Present the

2  information to you.

3          THE COURT:        Exactly.

4  You'll file a motion for show cause, and we'll

5  all get together again.

6          Now, I anticipate that I may be

7  talking to you all again, because I think if

8  we were all reasonable people, we wouldn't be

9  here now, but that's okay.

10          Sometimes it takes two or three times

11  for people to get the message, but I will tell

12  you this.

13          If another two hours of the taxpayers

14  and citizens of Cuyahoga County's time is

15  wasted in this dynamic, and someone has

16  obviously violated a spirit or intent of our

17  agreed journal entry, they are probably going

18  to spend at least 24 hours in the County Jail.

19          Because I just have got to put an end

20  to this mindless litigation.

21          So it's the best I can do.  I want to

22  thank each and every one of you for working

23  with me on this resolution, and I hope that it

24  works for all involved.

25          Yes, sir.

1      DR. BARNEY:            And thank you
2   for your time, and, certainly, resolving this
3   matter, and I would like to have some type of
4   proof that he is changed these corporations,
5   name and address if he could present it to me,
6   so this way we don't have to --
7      THE COURT:            The proof will
8   be in the lack of notices that you receive.
9   If you continue to receive them.
10     DR. BARNEY:          After 90 days.
11     THE COURT:            After 90 days,
12  just note it.  It may take some sometime.
13  I'll have Zak Walker contact Mr. Anderson and
14  say, what's going on here, and I don't want to
15  hear at that point, Well, my son won't return
16  my phone calls, and my son this, and my son
17  that.
18     MR. ANDERSON:        I understand.
19     THE COURT:            You need to take
20  care of this.
21     MR. ANDERSON:        I will take care
22  of it.  I would like to know the last time he
23  got one of these notices.  I think it's been
24  years.
25     DR. BARNEY:            I've just been

1 sending them back to the post office.  Return

2 to sender, and that's it.

3    THE COURT:   Sometimes it's

4 hard getting on the unsubscribe list.

5    All right, everybody.  That's as good

6 as I can do here today.

7    MR. ANDERSON:  And thank you,

8 your Honor.

9    THE COURT:   Thank all of

10 you, and let's go in peace.

11    Would you be so kind, give you an

12 opportunity to leave the courtroom first, take

13 the elevators down.  I don't want anything to

14 blow up right away.

15    Let's everybody be reasonable.

16    MR. ANDERSON:  That won't be an

17 issue, but I will.  Thank you.

18    THE COURT:   Pleasure.

19    Nice to meet you all.  Good luck

20 going forward.

21    MR. ANDERSON:  And thank you,

22 Judge.

23     ---o0o---

24 (Thereupon, proceedings were adjourned.)

25

C E R T I F I C A T E

    I, Ilene White, Official Court Reporter for the
Court of Common Pleas, Cuyahoga County, Ohio, do
hereby certify that as such reporter I took down in
stenotype all of the proceedings had in said Court of
Common Pleas in the above-entitled cause; that I have
transcribed my said stenotype notes into typewritten
form, as appears in the foregoing Transcript of
Proceedings; that said transcript is a complete
record of the proceedings had in the trial of said
cause and constitutes a true and correct Transcript
of Proceedings had therein.

 

 

 

 

 

_____
Ilene White,
Official Court Reporter
Cuyahoga County, Ohio